ANDREW P. SIMPSON, JOSEPH FORSYTH, AND BAGDAD MILLS, APPELLANTS, v. JAMES G. WILSON.

The decision of the court in the preceding case of Wilson v. Rousseau et al., namely, that when a patent is renewed under the act of 1836, an assignee under the old patent has a right to continue the use of the patented machine, but not to vend others, again affirmed.

An assignment of an exclusive right to use a machine, and to vend the same to others for use, within a specified territory, authorizes the assignee to vend elsewhere, out of the said territory, the product of said machine.

The restriction upon the assignee is only that he shall use the machine within the specified territory. There is none as to the sale of the product.

THIS case came up on a certificate of division in opinion between the Judges of the Circuit Court of the United States for the District of Louisiana, sitting as a court of equity.

Wilson was the complainant below, who filed a bill, and obtained an injunction against Simpson, Forsyth, and Mills. After sundry proceedings in the case, Forsyth put in a plea, and a rule was obtained, that the plaintiff should show cause why the injunction should not be dissolved. Upon argument, the court dismissed the rule, and the case was set down for hearing by consent of parties; the complainants not admitting the facts alleged in the plea, but for the purpose of raising the questions of law which they involved, and obtaining a speedy decision of the same.

Simpson et al. v. Wilson.

Upon the argument, the division of opinion arose which will be presently stated.

The facts in the case were these.

The patent for planing, &c., having been obtained by Woodworth in 1828, as has been particularly mentioned in the report of the preceding case of Wilson v. Rousseau et al., Forsyth, one of the defendants below, became an assignee under that patent for all its rights within the county of Escambia, in West Florida. This took place in 1836.

Woodworth, the patentee, having died, his administrator, in 1842, obtained a renewal of the patent under the act of 1836 ; and in 1843 assigned to Wilson, the complainant below, all the rights under the extended patent for the States of Louisiana, Alabama, and the Territory of Florida.

On the 13th of April, 1844, the said Wilson instituted proceedings in equity, in the Circuit Court of Louisiana, against the defendants, on the ground that they infringed on his just rights by setting up and putting in operation the said patented machines in the Territory of Florida ; and by vending in New Orleans large quantities of dressed lumber, plank, &c., the products of the machines there established.

In May, 1845, the cause came up for hearing, as above stated, when the following points were ordered to be certified to this court, namely : —

"J. G. WILSON v. SIMPSON ET AL.    No. 1225.

"This case coming on to be heard on demurrer filed to the plea of Joseph Forsyth, one of the defendants, set down for hearing by consent, and the matters of law arising on said plea, the following points became material to the decision, and being considered, the court were divided in opinion on the following points : —

" 1. Whether, by law, the extension and renewal of the said patent, granted to William Woodworth, and obtained by William W. Woodworth, his executor, inured to the benefit of said defendant, to the extent that said defendant was interested in said patent before such renewal and extension.

" 2. Whether, by law, the assignment of an exclusive right to the defendant, by the original patentee, or those claiming under him, to use said machine, and to vend the same to others for use, within the county of Escambia, in the Territory of West Florida, did authorize said defendant to vend elsewhere than in said county of Escambia, to wit, in the city of New Orleans, State of Louisiana, plank, boards, and other materials, product of a machine established and used within the said county of Escambia, in the Territory of West Florida.

" Wherefore, upon the request of defendants' counsel, it is ordered and directed, that the foregoing points of law be certified for the opinion of the Supreme Court of the United States."

Simpson et al. *v.* Wilson.

The case was argued by *Mr. Gilpin* and *Mr. Westcott*, for the defendants below, who were the appellants in this court, and by *Mr. Henderson* and *Mr. R. Johnson*, for Wilson.

Mr. Justice NELSON delivered the opinion of the court.

The questions in this case come up on the certificate of a division of opinion in the court below. The judgment of this court in the previous case of Wilson *v.* Rousseau et al., upon the second question certified in that case, disposes of the first question certified here, and is answered accordingly.

The second question certified involves the point, whether or not the assignment of an exclusive right to make and use, and to vend to others, planing-machines, within a given territory only, authorizes the assignee to vend elsewhere, out of the said territory, the plank, boards, and other materials, the product of said machines.

The court have no doubt but that it does; and that the restriction in the assignment is to be construed as applying solely to the using of the machine. There is no restriction, as to place, of the sale of the product. Certificate accordingly to court below.

### Order.

This cause came on to be heard, on the transcript of the record from the Circuit Court of the United States for the District of Louisiana, and on the points and questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this court for its opinion agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court, —

1. That, by law, the extension and renewal of the said patent granted to William Woodworth, and obtained by William W. Woodworth, his executor, did not inure to the benefit of said defendant to the extent that said defendant was interested in said patent before such renewal and extension; but the law saved to persons in the use of machines at the time the extension takes effect the right to continue the use.

2. That an assignment of an exclusive right to use a machine, and to vend the same to others for use, within a specified territory, does authorize an assignee to vend elsewhere, out of the said territory, plank, boards, and other materials, the product of such machine.

It is therefore now here ordered and decreed by this court, that it be so certified to the said Circuit Court.