### WILLIAMS v. BARNES et al.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1916.)

No. 2098.

PATENTS ☞259—INFRINGEMENT—WHAT CONSTITUTES.

The claim of complainant's patent No. 901,462 reads as follows: "In a time register, the combination of an engaging member having angular peripheral projections, adapted to be rotated by a clock-driven arbor, a record dial having a central aperture provided with angular indentations corresponding in size * * * to the angular projections on the engaging member, and means for securing the said dial in position on the engaging member." Under such patents, watchman's registering clocks were manufactured, and a watchman by inserting stationary keys in various parts of the building could record on the dial the exact minute at which he reached such station. After being once used, the paper dials would, of course, no longer record the watchman's progress. *Held*, that such dials, as they were to be consumed by use, were not part of the patented invention, and defendant by manufacturing such dials for use in clocks manufactured under complainant's patent did not infringe; the dials alone not being patented.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 400–402; Dec. Dig. ☞259.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Lynn A. Williams, trustee, against Francis W. Barnes and others. From a decree for defendants, complainant appeals. Affirmed.

Arthur J. Baldwin and Drury W. Cooper, both of New York City, for appellant.

Percy B. Eckhart, of Chicago, Ill., for appellee.

Before MACK and ALSCHULER, Circuit Judges, and ANDERSON, District Judge.

MACK, Circuit Judge. Appeal from decree dismissing, at the conclusion of plaintiff's case, a bill for contributory infringement in alleged violation of claim 1 of letters patent, No. 901,462. The claim reads as follows:

"In a time register, the combination of an engaging member having angular peripheral projections, adapted to be rotated by a clock-driven arbor, a record dial having a central aperture provided with angular indentations corresponding in size and contour to the angular projections on the said engaging member, and means for securing the said dial in position on the engaging member."

We shall follow the District Court and assume, without in any manner deciding, that this claim is valid; that there is invention therein; that it is a true combination. But on this assumption, we agree with the District Court that there is no infringement to be found in defendant's acts, stated in the decree as follows:

"That the defendants herein made, manufactured and sold paper dials of the kind described in said patent to owners of watchman's clocks, manufactured and sold by said Newman Clock Company equipped with the means for holding said dials in place as described in said patent in suit with the intent by defendants and for the purpose of having the purchasers of such dials use said paper dials in the aforesaid watchman's clocks manufactured and sold by said Newman Clock Company, equipped with the aforesaid means described in said patent."

The Newman Clock Company is one of plaintiff's two licensees.

The case falls within the principle of Morgan Envelope Co. v. Albany Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500, and not within that of Leeds & Catlin v. Victor Talking Machine Co., 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 805.

The alleged infringement is not in the manufacture of the paper dials, as they are not patented, but in their sale for use as an element in the patented combination.

As the Victor Case holds, it is not determinative of the question of such contributory infringement that the element is unpatented. The test is whether the element, as part of the patent combination, is perishable in its nature, consumed in the use, and necessarily to be replaced in each successive use of the combination. If it is, then, at any rate in the absence of some restriction, the purchaser of the device in which the combination is to be effected for practical use is impliedly licensed to replace the consumable element.

Now the whole purpose of this combination in an old art was to have that part of the paper record dial which engages with the rotating member of the clock exactly conform to it in shape, thus tending to prevent substitution. The practical use to which the combination was to be put was in a watchman's registering clock. Stationary keys in various parts of a building, when inserted in the clock, would make individualized impressions on the dial, indicating, if honestly done, the exact minute of a 24-hour period at which each key was inserted and at which the watchman was at each station.

That these dials were not physically destroyed, either in the operation or in effectuating its purpose, or that their preservation might indeed be desirable in order to satisfy insurance companies that their rules had been followed, or for any other reason, does not distinguish this case from the Morgan Envelope Case; for here, as there, a single use did destroy the dial, not, it is true, as a piece of paper, but as an element of the patented combination. After 24 hours, the piece of paper as such could again be fitted into the clock, but it would no longer serve its function as an element in the combination. Each day required a new record sheet. As an object on which the specific transactions of a 24-hour period were to be recorded, it was consumed in

its 24-hour use. It then became worthless for registering purposes; it was no longer a record dial.

Assuming for the moment that the adjustment, the exact fitting of the paper dial to the clock arbor, can be said to cause them to coact in producing the result in the sense that the phonograph disc and stylus of the Victor machine coact, the fundamental difference between this dial and the phonograph record is that the latter, not only is not physically destroyed in a single use, but it is not destroyed as a record; it is designed to be used, and is used, over and over again in its original function as an element in the patented combination, to produce the identical result attained by its original use.

Decree affirmed.