FOGLESONG MACH. CO. v. J. D. RANDALL CO.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1917.)

No. 2986.

1. PATENTS ⬥255—INFRINGEMENT—"REPAIR" OR "RECONSTRUCTION" OF PATENTED MACHINE.

The replacing of lost or injured parts of the mechanism of a patented machine constitutes "repair," and not "reconstruction," and it is within the right of the owner of the machine to procure such parts from any one who can supply them.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 397, 399.

For other definitions, see Words and Phrases, First and Second Series, Reconstruction; Repair.]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PATENTS ⬤⟿255—INFRINGEMENT—REPLACEMENT OF PARTS OF PATENTED
    MACHINE.

    The replacement of parts of a patented machine which were worn or
    lost or injured in a fire, none of which were elements in the combination
    of the patent which represented the advance in the art made by the pat-
    entee, *held* not a reconstruction which constituted infringement.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 397, 399.]

Appeal from the District Court of the United States for the West-
ern Division of the Southern District of Ohio; Howard C. Hollister,
Judge.

Suit in equity by the Foglesong Machine Company against the J. D.
Randall Company. From an order refusing to hold defendant in con-
tempt for violation of injunction, complainant appeals. Affirmed.

Border Bowman, of Springfield, Ohio, for appellant.
W. F. Murray, of Cincinnati, Ohio, for appellee.

Before DENISON, Circuit Judge, and EVANS and SATER, Dis-
trict Judges.

SATER, District Judge. When this case was first before this court
(203 Fed. 41, 121 C. C. A. 377), the decree of the District Court per-
petually enjoining the defendant from making, using, or vending the
plaintiff's horse collar stuffing machine was affirmed. The advance
which the plaintiff's assignors, as patentees, made over the prior art,
and the very essence of their invention, was found to be a rotatable
hopper free from central obstructions and caused to rotate by means
of gear teeth or cogs on a ring which extends around the lower periph-
ery of the hopper and rides upon the base member, the teeth meshing
with those of a power-driven pinion at the rear of the hopper. The
mechanism devised also makes permissible the use of tangled or ma-
chine-threshed straw. The case is again here on an appeal prosecuted
by the plaintiff to reverse that court's refusal to hold the defendant
in contempt for violation of the original decree.

In 1907 the plaintiff sold one of its machines to a manufacturing
company at Grand Rapids, Mich. In consequence of a fire in that
company's plant in the latter part of 1914, the machine was injured
by the bending of its removable rotatable metal hopper and the break-
ing of the stuffing rod nose. The metal disc which presses downward
the straw in the hopper had been misplaced or lost. Excepting the
disc, the damaged hopper, and the stuffing rod nose, the machine re-
mained in an operative condition, although some of the smaller and
relatively inexpensive parts, which were subject to wear and required
replacement at intervals, were more or less worn. Those parts were
such as feed rods, feed pipes, bottom plate of the hopper, pinion wheels,
cross-heads, studs, sprocket chains, and connecting rods. If, when
worn, such parts are replaced, the life of a machine, the selling price
of which is $1,800, ranges from 10 to 30 years. Owing to their neces-
sary renewal, a number at least of such parts has been furnished, when
a machine is sold by the plaintiff, with the completed machine, and cus-
tomers, when having none of such parts, have purchased them when re-

pairs were required. In the early part of 1915, the company purchased new machinery of the defendant and turned in its damaged machine in part payment therefor. The defendant, on receipt of the machine, supplied it with a new hopper, disc, and stuffing rod nose, and, on account of more or less wear on minor parts of the mechanism, installed new feed rods, feed pipes, a pinion wheel, a shaft connecting such wheel with beveled gear, a drive shaft, bottom plate, cross-head, and certain studs. The sprocket chains having been weakened to the extent resulting from two years' service, the defendant substituted for them new and heavier ones. This in turn required two new sprockets and two new sprocket wheels. A small friction collar was misplaced in defendant's shop, in lieu of which another similar collar was used. The machine was then sold, following which the plaintiff moved the District Court that the defendant, in view of the original decree, be held in contempt, and for damages, and that such other and further relief as justice will permit be granted. As the result of a hearing, the motion was denied; and hence this appeal.

[1] The question for decision is: Did the defendant repair or reconstruct the machine which it purchased from the Grand Rapids company? In supplying a new hopper, stuffing rod nose, and disc, the defendant merely returned to use injured or lost portions of the mechanism. This constitutes repairing, and not reconstruction. Leeds & Catlin Co. v. Victor Talking Mach. Co., 154 Fed. 58, 60, 83 C. C. A. 170, 23 L. R. A. (N. S.) 1027 (C. C. A. 2). The right to obtain such parts from any person that will supply them and to replace them exists and should be conceded by the plaintiff as owner of the patent. Thomson-Houston Elec. Co. v. Kelsey Elec. Ry. Spec. Co., 75 Fed. 1005, 1009, 22 C. C. A. 1 (C. C. A. 2).

[2] The use of feed rods, feed pipes, beveled gear, sprocket wheels, sprocket chains, clutches, collars, connecting rods, and the like, found in plaintiff's device, was well known in the art relating to stuffed horse collars prior to the invention of the plaintiff's device. The parts installed by the defendant in the machine which it purchased do not go to the elements which obviate central obstructions in the hopper or to the toothed ring which surrounds the lower portion of the hopper and imparts rotation to it through its meshing connections. The elements in the combination claims in the plaintiff's patent, on which the infringement decree rests and which represent the advance in the art made by plaintiff's assignors, were not disturbed by the defendant, but left intact, with the possible exception of the hopper; and that was not characteristic of the invention until it received its peculiar mounting in connection with the undisturbed revoluble parts. The parts substituted were such as the plaintiff sold or voluntarily furnished to customers for use in repairing. Their perishable nature was thus recognized. The substitutions made were no more than any owner might well make who wished to put an old machine in the best workable condition. It is true that the sprocket chain was heavier and stronger than those made by the plaintiff, on account of which new sprockets and new sprocket wheels were required; but the difference between them and those made by the plaintiff produced no change

in the operation of the machine, and, for aught that appears, may have been the result of caution—perhaps excessive—in preparing a second-hand machine for long-continued efficient service. The use of a new friction collar for the misplaced one is a negligible quantity. The machine was not so broken and worn out as to require replacement. The wear and injury were but partial. Under such circumstances, repair is not reconstruction, but restoration, that the mechanism may be kept up to the full performance of its duty. Wilson v. Simpson, 9 How. 109, 123, 13 L. Ed. 66; Thomson-Houston Elec. Co. v. Kelsey Elec. Ry. Spec. Co., 75 Fed. 1005, 1009, 22 C. C. A. 1 (C. C. A. 2); Shickle, Harrison & Howard I. Co. v. St. Louis Car Coupler Co., 77 Fed. 739, 740, 741, 23 C. C. A. 433 (C. C. A. 8).

The conclusion reached on the merits renders unnecessary a consideration of the defendant's motion to dismiss, which may be marked overruled. The trial court is affirmed.