## PYLE NAT. CO. v. OLIVER ELECTRIC MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1922.)

No. 5953.

**1. Patents ⬡255—One cannot make or remake machine under guise of furnishing repairs.**

No one under the guise or claim of merely furnishing needed repair parts to a patented article or machine may make or remake the patented device or machine in competition with, or in violation of the rights of, the owner of the patent.

**2. Patents ⬡255—Purchaser or owner of patented device may repair or have worn-out parts repaired.**

The purchaser or owner of a patented device or machine may repair or cause to be repaired the broken or worn-out parts, without trespassing on the rights of the owner of the patent under which the machine was manufactured.

**3. Trade-marks and trade-names and unfair competition ⬡68—"Unfair competition" defined.**

"Unfair competition" in business consists in palming off the goods or wares of one manufacturer as and for the goods or wares manufactured and furnished by another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

**4. Trade-marks and trade-names and unfair competition ⬡68—No unfair competition, when no deception used in selling repair parts for another's machines.**

Unfair competition is based on the idea that some deception is practiced by the seller or furnisher of the goods, and where defendant, in selling repair parts for plaintiff's patented electrical machines to highly skilled railroad purchasing agents, practiced no deception, and deception, if attempted, would have been futile, there was no unfair competition.

**5. Trade-marks and trade-names and unfair competition ⬡68—When no deception practiced, no unfair competition results from fact that defendant's goods not as good as plaintiff's.**

Where defendant practiced no deception in selling repair parts for plaintiff's patented machines, unfair competition could not be predicated on the fact that the repair parts furnished by plaintiff were superior in point of workmanship and quality of materials to those furnished by defendant.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the Pyle National Company against the Oliver Electric Manufacturing Company. From a decree for defendant, plaintiff appeals. Affirmed.

John J. Healy and F. P. Davis, both of Chicago, Ill. (Parker & Carter, of Chicago, Ill., Cook & McCauley, of St. Louis, Mo., and Francis W. Parker and Francis W. Parker, Jr., both of Chicago, Ill., on the briefs), for appellant.

Edwin E. Huffman, of St. Louis, Mo., for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

POLLOCK, District Judge. This appeal challenges the correctness of the decree entered in the trial court holding defendant to be guilty

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

neither of the contributory infringement of complainant's rights secured to it by letters patent, nor of unfair competition in business in the furnishing to the owners of patented equipment repair parts necessary to maintain their machines in operation and repair. The parties, for convenience of reference, will be designated as they stood on the record in the trial court. The facts necessary to a decision may be briefly summarized, as follows:

Complainant for many years has been engaged in making and selling, under letters patent, electrically lighted locomotive headlights. These machines consist of a small steam-operated turbine and the electrical appliances necessary to generate the electric current employed in the headlights. The turbine is operated by steam from the locomotive boiler. The defendant manufactures and furnishes repair parts for these patented machines, on request or order of the purchasing agents of the different railway companies of the country, as the same may be demanded to repair the broken or worn-out parts of said electrical machines made and sold by complainant under its patents. This suit was instituted by complainant to enjoin and restrain defendant from the making and furnishing of such repair parts of its machines: (a) On the ground such acts of defendant infringed upon complainant's rights secured to it by some five letters patent under which the machines are originally constructed; (b) on the ground of unfair competition of defendant with complainant in the business of furnishing such repair parts. There was a decree for defendant. Complainant appealed.

[1, 2] In regard to the claim of contributory infringement by defendant, it may be said: It goes without saying no one, under the guise or claim of merely furnishing needed repair parts to a patented article or machine, may in fact make or remake the patented device or machine in competition with or in violation of the rights of the owner of the patents under which the same was originally made. On the other hand, it is conclusively settled, when one has manufactured and sold a patented device or machine on the market, the purchaser or owner may, as necessity therefor demands, repair or cause to be repaired the broken or worn-out parts of such patented machine without trespassing upon the rights of the owner of the letters patent under which the machine was manufactured; and this, for the all-sufficient reason, use is the prime object of all such articles or machines, whether patented or not patented, and to be of use they must be kept in repair, and the more accessible and convenient such repair parts are to be had the more valuable and useful the machine. To this extent go all the authorities on the subject. Wilson v. Simpson, et al., 9 How. 109, 13 L. Ed. 66; Chaffee v. Boston Belting Co., 22 How. 223, 16 L. Ed. 240; Leeds & Catlin v. Victor Talk. Mach., 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816; Morrin v. Robert White Engineering Works, 143 Fed. 519, 74 C. C. A. 466; F. F. Slocomb & Co. v. A. C. Layman Mach. Co. (D. C.) 227 Fed. 94; Foglesong Machine Co. v. J. D. Randall Co., 239 Fed. 893, 153 C. C. A. 21; Thomson-Houston Electric Co. v. Kelsey Electric Ry. Spec. Co., 75 Fed. 1005, 22 C. C. A. 1; Goodyear Shoe Machinery Co. v. Jackson, 112 Fed. 146, 50 C. C. A. 159, 55 L. R. A. 692; Williams v. Barnes, 234 Fed. 339, 148 C. C. A. 241. In

Leeds & Catlin v. Victor Talk. Mach., supra, Mr. Justice McKenna, delivering the opinion for the court, in speaking of the right of replacement and to repair parts of a patented machine, said:

"Can petitioner find justification under the right of repair and replacement as described in Wilson v. Simpson, 9 How. 109, and Chaffee v. Boston Belting Co., 22 How. 217? The Court of Appeals, in passing on these cases, considered that there was no essential difference between the meaning of the words 'repair' and 'replacement'; that they both meant restoration of worn-out parts. This distinction was recognized in Wilson v. Simpson, supra, where it is said that the language of the court in Wilson's and Roussan's Case, 4 How. 709, did not permit the assignee of a patent to make other machines or reconstruct them in gross upon the frame of machines which the assignee had in use; 'but it does comprehend and permit the resupply of the effective ultimate tool of the invention, which is liable to be often worn out or to become inoperative for its intended effect, which the inventor contemplated would have to be frequently replaced anew, during the time that the machine as a whole might last.'"

As a necessary sequence such repairs or replacements as the owner of the patented machine may make or furnish to a patented machine he may cause to be made or furnished by another; and in this case there is no substantial contention defendant was in effect making or rebuilding the patented machines, but was furnishing merely repair parts. The decree denying injunctive relief on the ground of contributory infringement upon the rights of complainant secured by its letters patent is right.

[3, 4] Coming now to the further complaint of unlawful competition in business, we find even less of merit from the proofs. Unfair competition in business consists in palming off the goods or wares of one manufacturer on the public, as purchasers, as and for the goods or wares manufactured and furnished by another. Unfair competition in business, therefore, is based on the idea some deception is practiced by the seller or furnisher of the goods. Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972; French Republic v. Saratoga Vichy Co., 191 U. S. 427, 24 Sup. Ct. 145, 48 L. Ed. 247; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. Mr. Chief Justice Fuller, delivering the opinion for the court in Howe Scale Co. v. Wyckoff, Seamans, etc., supra, said:

"The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so conducts its business as not to palm off its goods as those of complainant the action fails. As observed by Mr. Justice Strong in the leading case of Canal Company v. Clark, 13 Wall. 311: 'Purchasers may be mistaken, but they are not deceived by false representations, and equity will not enjoin against telling the truth.' And by Mr. Justice Clifford, in McLean v. Fleming, 96 U. S. 245: 'A court of equity will not interfere when ordinary attention by the purchaser of the article would enable him at once to discriminate the one from the other.' And by Mr. Justice Jackson in Columbia Mills Company v. Alcorn, 150 U. S. 460: 'Even in the case of a valid trade-mark, the similarity of brands must be such as to mislead the ordinary observer.' And see Coats v. Merrick Thread Company, 149 U. S. 562; Liggett & Myers Tobacco Company v. Finzer, 128 U. S. 182."

When we come to the proofs in the case, we find defendant guilty of no deception in the conduct of its business whatever. As the rail-

way systems of the country are the only customers complainant has for its patented machines, and as these companies employ purchasing agents highly skilled and equipped with technical knowledge of what is desired and used by their company, and, as well, the value of the same, deception, even if attempted by defendant, would be both impractical and futile.

[5] It may be true, as is asserted by complainant, the repair parts of their patented machines furnished by them are superior in point of workmanship and quality of materials to those furnished by defendant. However, if so, it must be presumed this superiority of complainant's parts is fully compensated in the price paid by the user. The quite evident purpose of complainant in this suit, from the briefs and arguments made, is a quite natural desire to draw unto itself, if possible, the exclusive right of furnishing repair parts to its patented machines. The consummation of this purpose, however, no matter how natural on the part of complainant, or how devoutly wished, would, in the end, result in the upbuilding of such monopolies in trade and business as would not be welcomed by the purchasing public.

It follows the decree entered must be affirmed.