HAYWARD and others *v.* ANDREWS and others.

*(Circuit Court, N. D. Illinois. July 7, 1882.)*

PATENTS FOR INVENTIONS—REMEDY AT LAW.

Where the assignee of damages for an infringement of a patent for an invention has an adequate remedy at law for an infringement of the patent, which expired before the assignment was made, a demurrer to the bill will be sustained without prejudice to a suit at law for damages.

*G. M. Spier* and *Banning & Banning,* for complainant.
*West & Bond,* for defendant.

HARLAN, Justice, (*orally.*) On the eighteenth of September, 1869, Aaron H. Allen, of Boston, executed a writing declaring that he had granted to Schemerhorn & Co. the sole right and privilege of manufacturing and selling school furniture made according to letters patent for a tilting seat, supported on the lever principle, granted to Allen on the fifth of December, 1854, reissued on the sixteenth of January, 1861, and extended seven years from December 5, 1868. On March 8, 1880, the patentee executed to Hayward, the complainant, a written assignment of all the former's interest in a certain decree in the circuit court of the United States for the southern district of New York, "together with all claims for damages arising since the eighteenth day of September, 1869, against any persons, firms, or corporations by reason of infringements of letters patent of the United States for a tilting seat," etc. And by that assignment Allen made, constituted, and appointed Hayward his attorney irrevocable, "for him and in his name," but for the use and benefit of Hayward, and under certain named conditions, to ask, demand, and by all lawful ways and means to recover and receive, all money due and to become due in a suit pending in New York, and to "collect the claims for damages herein before assigned, and on payment or collection of the same to acknowledge satisfaction, or give other good and sufficient releases and discharges of the said judgments and claims." The assignment was recorded in the patent-office on May 25, 1881. On the twelfth of May, 1881, Platt, assignee in bankruptcy of Schemerhorn & Co., executed a written assignment, purporting to be made in pursuance of the order of the bankruptcy court, transferring and conveying, for the consideration of $900, to Hayward, all of his right, title, and interest, as such assignee, in and to the letters patent granted to Allen, and the reissue and extension thereof, together with all claim, demand, and action and causes of action arising to the assignee. This assignment, being acknowledged, was recorded in the patent-office on May 25, 1881. The present suit in equity was commenced December 1, 1881, in the name of Hayward and Allen against A. H. Andrews & Co., to recover the gains and profits realized by defendants from an alleged unlawful making, using, and selling seats embracing the patented improvement, and the damages sustained thereby. Subsequently, on May 25, 1882, the bill was dismissed by complainants as to Allen, and on the same day Hayward filed an amended bill, to which was appended copies of the foregoing written assignments.

The case was submitted to the court upon a demurrer by defendants, the chief ground of which is that Hayward, as assignee of a claim for profits and damages, becoming such after the expiration of the extended patent, could not maintain a suit in equity to recover such profits and damages. *Held:* (1) The case of *Root* v. *Lake Shore & M. S. R. Co.*, determined in the supreme court of the United States at its last term, [11 FED. REP. 349, note,] establishes the proposition that Allen, had he never made an assignment of his claim for damages, could not himself have invoked the jurisdiction of a court of equity. (2) The contention of complainant's counsel is that Hayward, as assignee, acquired only an equitable title in Allen's claim for infringement, and therefore could sue in equity. Waiving any determination of the general question in the form it is now presented, it is sufficient in this case to say that Hayward has a complete and adequate remedy at law. So far as the present claim for damages against defendants rests upon the assignment by Allen to Schemerhorn & Co., and the assignment by their assignee in bankruptcy to Hayward, the latter can sue in his own name at law; and so far as his cause for action rests upon Allen's assignment to him, he can sue in Allen's name, since the writing executed by Allen gives him authority to do so. There is therefore no impediment which will prevent Hayward from resorting to remedies purely legal.

The demurrer is sustained, and the bill is dismissed without prejudice to a suit at law by Hayward.