## WHITFORD *v.* CLARK COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued December 6, 7, 1886. — Decided December 20, 1886.

When a witness, whose deposition is taken *de bene esse* under Rev. Stat. § 863, lives more than 100 miles from the place of trial when the deposition is taken, it will be presumed that he continues to live there at the time of trial, and no further proof on that subject need be offered by the party

offering the deposition unless this presumption is overcome by proof from the other side; but if it be overcome, and the party offering the deposition has knowledge of his power to get the witness in time to secure an attendance at the trial, the deposition will be excluded. This rule does not apply to depositions taken under § 866.

When the statutes of the United States make special provisions as to the competency or admissibility of testimony, they must be followed in the courts of the United States; and not the laws or practice of the State in which the court is held, when they are different.

The case is stated in the opinion of the court.

*Mr. Clinton Rowell* and *Mr. John B. Henderson* for plaintiff in error. *Mr. H. A. Clover* was with them on the brief.

*Mr. Matthew G. Reynolds* and *Mr. William H. Hatch* for defendant in error. *Mr. Thomas J. C. Fagg* and *Mr. James M. Lewis* were with them on the brief.

Mr. Chief Justice Waite delivered the opinion of the court.

In this case the trial was by the court, a jury having been waived. The record presents a special finding of facts and certain exceptions to the rulings of the court on the admissibility of testimony. Upon the facts as found we should have had no hesitation in affirming the judgment, but in the rulings excepted to there was error. As part of the evidence on which the findings were made, the court, against the objections of Whitford, the plaintiff in error, allowed a deposition of N. T. Cherry, taken *de bene esse* under § 863 of the Revised Statutes, to be read, when it was made to appear before the reading that the witness was himself actually present in court, ready and able to testify in the case if called. From the opinion filed on the decision of a motion for a new trial, *Whitford v. Clark County*, 13 Fed. Rep. 837, it appears that the court held the rule on this point " to be that when a deposition in a civil action has been duly taken, because the witness resides more than one hundred miles distant, said deposition is admissible, subject, however, to the right of the adverse party to place him on the witness stand if present. Such is understood

to be the true rule, although decided cases are not fully in accord." But by § 865 of the Revised Statutes it is expressly provided, that, "unless it appears to the satisfaction of the court that the witness is then dead, or gone out of the United States, or to a greater distance than one hundred miles from the place where the court is sitting, or that, by reason of age, sickness, bodily infirmity, or imprisonment, he is unable to travel and appear at court, such deposition shall not be used in the cause." This was first enacted in the judiciary act of September 24, 1789, c. 20, § 30, 1 Stat. 90, and it has been in force from that time until now. In *Patapsco Ins. Co.* v. *Southgate*, 5 Pet. 604, 617, it was said, in reference to this provision, that "the act declares expressly that, unless the same (that is, the disability) shall be made to appear on the trial, such deposition shall not be admitted or used in the cause. This inhibition does not extend to the deposition of a witness living at a greater distance from the place of trial than one hundred miles; he being considered permanently beyond a compulsory attendance. The deposition in such case may not always be absolute, for the party against whom it is to be used may prove that the witness has removed within the reach of a *subpœna* after the deposition was taken; and if that fact was known to the party, he would be bound to procure his personal attendance. The *onus*, however, of proving this would rest upon the party opposing the admission of the deposition in evidence. It is, therefore, a deposition taken *de bene esse*." And in *The Samuel*, 1 Wheat. 9, 15, Chief Justice Marshall said, a deposition taken under the statute *de bene esse* "can be read only when the witness himself is unattainable." See also *Harris* v. *Wall*, 7 How. 692, and *Rutherford* v. *Geddes*, 4 Wall. 220, 224. It thus appears to have been established at a very early date that depositions taken *de bene esse* could not be used in any case at the trial if the presence of the witness himself was actually attainable, and the party offering the deposition knew it, or ought to have known it. If the witness lives more than one hundred miles from the place of trial, no *subpœna* need be issued to secure his compulsory attendance. So, too, if he lived more than one hundred

miles away when his deposition was taken, it will be presumed that he continued to live there at the time of the trial, and no further proof on that subject need be furnished by the party offering the deposition, unless this presumption shall be overcome by proof from the other side. But if it be overcome, and the party has knowledge of his power to get the witness in time to enable him to secure an attendance at the trial, he must do so, and the deposition will be excluded. Such was this case. While the witness lived more than one hundred miles from the place of trial when his deposition was taken, he was actually in court, ready and able to testify when his testimony was needed at the trial. His deposition, therefore, was not admissible. The rulings of the circuit courts have uniformly been the same way, so far as we know. While some have gone beyond the decision in *Patapsco Ins. Co.* v. *Southgate,* none have fallen short of it. *Lessee of Penns* v. *Ingraham,* 2 Wash. C. C. 487, decided in 1811; *Lessee of Brown* v. *Galloway,* Pet. C. C. 291, 294, decided in 1816; *Pettibone* v. *Derringer,* 4 Wash. C. C. 215, 219, decided in 1818; *Russell* v. *Ashley,* Hemp. 546, 549; *Ward* v. *Armstrong,* 6 McLean, 44.

As to depositions taken under a *dedimus potestatem* in accordance with § 866 of the Revised Statutes, this provision of § 865 does not apply, for it is expressly so enacted in that section. When the statutes of the United States make special provisions as to the competency or admissibility of testimony, they must be followed in the courts of the United States, and not the laws or the practice of the State in which the court is held when they are different. *Potter* v. *National Bank,* 102 U. S. 163, 165; *King* v. *Worthington,* 104 U. S. 44, 50; *Bradley* v. *United States,* 104 U. S. 442; *Ex parte Fisk,* 113 U. S. 713, 721.

*The judgment is reversed, and the cause remanded, with directions for a new trial.*