ALLNUT et al. v. LANCASTER et al.

(Circuit Court, D. South Carolina. October 8, 1896.)

1. PARTIES—JOINT LIABILITY—ABSENT PARTIES.
   Under Code Civ. Proc. S. C. § 157, which provides that in actions against a number of defendants jointly indebted on contract, some of whom are not served, plaintiff "may proceed against the defendants served, unless the court otherwise direct," the court will exercise its discretion by directing that all be served, when it appears that all reside within the jurisdiction. *Held*, that where over 100 persons, all residing within the jurisdiction, were made parties, but only 8 were served, the court would exercise its discretion by requiring service upon all; the act being apparently designed to meet cases in which some of the defendants were beyond the reach of process.

2. SAME—FEDERAL COURTS—FEDERAL AND STATE STATUTES.
   Congress having provided that where some of the defendants are not inhabitants of the district, and cannot be found therein, the court may proceed to trial without them (Rev. St. § 737), this legislation is controlling in the federal courts to the exclusion of state legislation inconsistent therewith on the same subject. The statute adopting state practice, pleadings, and procedure (Rev. St. § 914) does not apply in respect to matters upon which congress itself has prescribed a definite rule.

This was an action at law by Allnut, Nixon & Goldsborough against S. T. D. Lancaster and others to recover a sum of money.

Cothran, Wells, Ansel & Cothran, for plaintiffs.
S. J. Simpson, for defendants.

SIMONTON, Circuit Judge. This case comes up now under these circumstances: There was,—perhaps still is,—in the county of Spartanburg, in the state of South Carolina, an unincorporated body or association known as the "Farmers' Alliance." One Zimmerman had opened a store or shop in that county for the purpose of selling merchandise of various kinds. His business was unprofitable, and he incurred many debts, among others to the plaintiffs in this suit. In order to obtain satisfaction of their demand, the plaintiffs brought their action against the defendants, who were alleged to have been present at a meeting which determined to appoint Zim-

merman agent of the Alliance in conducting the business of an Alliance store. The defendants demurred upon the ground that all of the parties present at that meeting were not made parties defendant. The demurrer was overruled by Judge Brawley, holding the circuit court, with leave reserved to defendants to interpose the same objection when the case came up on its merits. Thereupon plaintiffs gave notice of a motion requiring defendants to make their defense more definite by furnishing the names of the parties who were present. The motion was granted, and defendants furnished the names of 114 persons, said to have been present at the meeting referred to. The complaint was amended, naming these persons as parties defendant, and summonses were prepared; but no service of summons was attempted. All of these 114 defendants are within the jurisdiction of this court. The cause being in this plight, plaintiffs press for trial, claiming the right to proceed against the defendants who have been served, without awaiting service on the other persons named as defendants. This is challenged by the defendants. The plaintiffs rely upon the provisions of section 157 of the Code of Civil Procedure of South Carolina, which is in these words:

"Sec. 157. Where the action is against two or more defendants, and the summons is served on one or more of them, but not on all of them, the plaintiff may proceed as follows: (1) If the action be against defendants jointly indebted upon contract, he may proceed against the defendant served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served, and, if they are subject to arrest, against the persons of the defendants served."

The terms of this section are not imperative,—"he may proceed against the defendant served, unless the court otherwise direct." In other words, the matter is within the discretion of the court. The general rule of all pleading is that all persons interested in the controversy should be made parties thereto, so that all rights, if possible, should be adjudicated in one proceeding. "Interest reipublicæ ut sit finis litium." This is not always possible. There may be joint contractors, liable on the same contract. Some of these cannot be served, being without the jurisdiction of the court. If the plaintiff could not proceed because of this inability to serve them, he would be denied all remedy; for, if he instituted suit in the jurisdiction to which these absent persons were responsible, he would encounter a similar objection because of the absence of those who reside within the jurisdiction in which suit first began. To meet this, provision has been made in many of the states, and by congress, permitting suits against some one or more of joint contractors without including the others. The section above quoted is an instance of this, and the validity of this legislation has been declared by the supreme court of the United States. Hanley v. Donoghue, 116 U. S. 3, 6 Sup. Ct. 242. This provision having been made to meet the evil, it would seem that it should only be used when the evil sought to be remedied exists; that is to say, when it is impracticable to serve or bring within the jurisdiction the other

joint contractors. This view is strengthened by the provision which congress has made in act of 1839, formulated in section 737 of the Revised Statutes of the United States, in these words:

"Sec. 737. When a part of several defendants cannot be served. When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

Commenting upon this act, the court, in Inbusch v. Farwell, 1 Black, 571, says: "Jurisdiction in the federal courts is not defeated by the suggestion that other parties are jointly liable with the defendants, provided it appears that such other parties are out of the jurisdiction of the court;" quoting this act.

The present action is based upon the liability of the defendants for the acts of Zimmerman, who is charged to be the agent of the association of which they were members, constituted such agent at a meeting at which they were present. The pleadings have developed the fact that at the same meeting there were many other persons, 114 in number, and that these defendants constituted a very small minority. If these defendants are responsible, they share this responsibility with all the others. They are entitled to have these others with them in the determination of the controversy, if it be possible to do so; otherwise they may be made liable, and, when they seek contribution, must go on, and prove every fact which plaintiffs now seek to prove, and which these defendants deny. Now, all these other persons are not only within reach of process, but they are named in the complaint, and process is asked against them. The plaintiffs are asking, notwithstanding all these facts, that they be allowed to halt in the natural progress of the suit, and to treat it as if it were against these eight defendants only. It is a case which calls for the exercise of discretion given to the court by section 157, and this request should be refused.

There is another consideration. The act of congress above quoted makes provision for a suit against some joint contractors without joining others. It is a jurisdictional act, and gives jurisdiction when the other contractors are neither inhabitants of nor are found within the district in which the suit is brought. Even were it to be assumed that the section of the Code of South Carolina has not the elasticity given to it, but that it makes a hard and fast rule, it would seem that this court is not bound to follow it. Congress has legislated upon a similar subject, and has put its limitation on the rule. According to the position of the plaintiffs' they are entitled to go on, and obtain judgment, if they can, against the 8 defendants first named in the complaint, notwithstanding the fact that their amended complaint contains the names of 114 co-contractors, who are admitted to be within reach of the process of the court. They rely on section 914 of the Revised Statutes of the United States, which adopts

the practice, pleadings, forms, and modes of procedure of the state courts. The act of congress in pari materia permits such a course as that which plaintiffs now seek to pursue only when the co-contractors are not inhabitants of, and cannot be found within, the district in which the suit is brought. The state practice contended for would be inconsistent with the terms of the act of congress, and would impair its effect. It must, therefore, give way. Chappell v. U. S., 160 U. S. 513, 16 Sup. Ct. 397; Luxton v. Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356. Whenever congress has legislated upon any matter of practice, and has prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724; Whitford v. Clark Co., 119 U. S. 522, 7 Sup. Ct. 306.

The plaintiffs will perfect the service of their case.