WEBB v. GOLDSMITH et al.

(Circuit Court, D. Massachusetts. January 20, 1904.)

No. 1,343.

1. PATENTS—ACTION FOR INFRINGEMENT—PERSONS ENTITLED TO SUE.
    In Rev. St. § 4919 [U. S. Comp. St. 1901, p. 3394], which provides that
    "damages for the infringement of any patent may be recovered by action
    on the case in the name of the party interested, either as patentee, as-
    signee or grantee," the word "assignee" is used in a limited sense, as
    meaning an assignee of patent rights, and does not cover a mere assignee
    of a claim for infringement; and that section having designated the
    persons who may sue for infringement the right cannot be extended to
    another by a state statute.

At Law. Action for infringement of patent. On demurrer to
declaration.

Maynadier & Rockwell, for plaintiff.
John C. Edwards and Nathan Heard, for defendants.

BROWN, District Judge. From the declaration it appears that
after the expiration of letters patent No. 260,063 the patentee, Streat,
assigned to the plaintiff all his claims for infringement by the defend-
ants. The plaintiff sues in his own name, alleging infringement by
the defendants during a period within the life of the patent.

The first ground of demurrer is "that it does not appear from said
declaration that the plaintiff has any such title to or interest in the let-
ters patent * * * as entitled him to bring this action, and for that
it does not from said declaration appear that the plaintiff has any right,
title, or interest in the said letters patent which entitled him to bring
this action in his own name."

Section 4919 of the Revised Statutes of the United States [U. S.
Comp. St. 1901, p. 3394] provides: "Damages for the infringement
of any patent may be recovered by action on the case, in the name of
the party interested, either as patentee, assignee, or grantee," etc.

The plaintiff relies upon section 914 of the Revised Statutes of the
United States [U. S. Comp. St. 1901, p. 684], and also upon section
4, c. 173, of the Revised Laws of Massachusetts, as follows: "The
assignee of a nonnegotiable legal chose in action which has been as-
signed in writing may maintain an action thereon in his own name, but
subject to all defenses and rights of counterclaim, recoupment or set-
off to which the defendant would have been entitled had the case been
brought in the name of the assignee." But this provision of the
Massachusetts statutes, if applied to this action, would be inconsistent
with the express provisions of section 4919, in which the word "as-
signee" is used in a limited sense to indicate an assignee of patent
rights, and does not cover a mere assignee of a nonnegotiable legal
chose in action. Waterman v. Mackenzie, 138 U. S. 255, 11 Sup. Ct.
334, 34 L. Ed. 923; Moore v. Marsh, 7 Wall. 515, 19 L. Ed. 37;
Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Hayward v. Andrews
(C. C.) 12 Fed. 786; Robinson on Patents, vol. 3, p. 122, § 937.

Whenever Congress has legislated upon any matter of practice, and

has prescribed a definite rule for the government of its courts, it is to that extent exclusive of the Legislature of the state upon the same matter. Allnut v. Lancaster (C. C.) 76 Fed. 131. As the plaintiff in this case is neither a patentee, an assignee of patent rights, nor a grantee, he is not within the provisions of section 4919, which is the only statutory authority applicable.

As this ground of demurrer is decisive, it is unnecessary to consider other grounds. Demurrer sustained.