### REFLECTOLYTE CO. v. EDWIN F. GUTH CO.

District Court, E. D. Missouri, E. D. October 11, 1927.

No. 7753.

Paul Bakewell, of St. Louis, Mo., and Wells S. Church, for plaintiff.

Harry Lea Dodson and Zell G. Roe, both of New York City, for defendant.

FARIS, District Judge. This is the conventional action for an accounting and an injunction, bottomed upon the alleged infringement of a patent numbered 1,455,375, owned by plaintiff, and issued to Harry C. Adam on the 15th of March, 1923. Plaintiff holds by virtue of an assignment to it from said patentee. The application for the patent herein was filed August 30, 1920. The answer, in so far as it is pertinent in this discussion, denied the infringement charged and averred the invalidity of plaintiff's patent by reason of the prior art. In limine, a certain matter touching the defenses specifically pleaded, and certain depositions bearing thereon, deserve some attention.

The suit was filed by plaintiff on January 29, 1927; by stipulation, the time within which defendant should answer was extended until March 17, 1927, on which day the answer was filed, and the case became at issue. The case was set down for trial on the merits on May 18, 1927, at which time defendant appeared by its counsel and asked, and was granted leave, to amend its answer by setting up a prior manufacture and use of a light globe alleged to be similar to that of plaintiff. This application for postponement was accompanied by an affidavit of counsel for de-

fendant, to the effect that such use of such prior alleged anticipating structure first came to the knowledge of the affiant on May 16, 1927, and a request was made by defendant to postpone the hearing of the case on the merits until June 20, 1927, in order that depositions might be taken as to the defense set up by the amendment. This motion for postponement was granted, and the case reset for June 20, 1927.

In the period between May 18, 1927, and June 20, 1927, defendant gave notice to plaintiff of its intention "to take the depositions, de bene esse of C. J. Renner, L. Buscko, and others, of whom due notice will be given on the record, all of whom reside more than 100 miles from the place where the trial of this action will occur." The place of the taking of these depositions was set out in the notice as "the office of the Phœnix Glass Company, in said city of Rochester, Pennsylvania."

The depositions were actually taken before the person and on the day named in the notice, and at the office of the Phœnix Glass Company, at Monaca, Pa., and not at Rochester, Pa. Counsel for plaintiff, however, personally appeared at the time and place whereat the depositions were taken, and objected to the taking thereof for the reasons (a) that defendant had not applied for or obtained authority of the trial court to take the depositions; (b) that the names of the witnesses, whose depositions are to be taken, are not set out in the answer, or in the amendment thereto, made on May 18, 1927; and (c) that such amendment does not set up any defense.

Counsel for plaintiff agreed, "without waiving the objections already spread upon the record," that the depositions might be taken down by the stenographer, who was also a notary public, and transcribed by her, if she would furnish counsel for plaintiff with a carbon copy of such depositions, and that the signatures of the witnesses should be waived. Plaintiff's counsel, as forecast, appeared and was present when the depositions were taken, but beyond the acts already mentioned, and beyond objecting to many, if not all, of the questions propounded to the several witnesses examined by defendant, took no other part. Counsel for plaintiff refused to cross-examine, but stood upon his objections, which he bottomed, largely, if not wholly, upon the provisions of equity rule 47.

■ I am of the opinion that the depositions are competent and admissible, and that the motion to suppress them, which was taken with the case, should be overruled. Rule 47 expressly provides, inter alia, that depositions may be taken by either party "when allowed by statute." There are contingencies, under rule 47, wherein application must be made to the court for leave to take depositions, and a showing of good reasons must be made; but this is not a case wherein the exceptions are applicable. Here not only did defendant have, under rule 47, 30 days after May 17, 1927, within which to take depositions, but it had the right to take them because of a statute (section 863, R. S.; 28 USCA § 639). Since, pursuant to the Act of March 9, 1892 (Comp. St. § 1476; 28 USCA § 643), depositions may be taken under state statutes and procedure, and since the latter do not require the names of the witnesses to be set out in the notice, it was not necessary to set them out in the notice here.

■ The provisions of rule 47 are in aid of the federal statutes, and not in derogation thereof. On this point the effect of rule 47, and other rules which are germane, was to change the practice as to testimony on the trial on the merits of equity actions. Theretofore an equity case was usually heard on the merits on depositions taken before examiners appointed by the court. The oral examination of a witness in open court on final hearing in an equity case was, before the adoption of the present rules in equity, the exception and not the rule or practice. This practice then applied to witnesses, whether they were within or without the provisions of section 863, Revised Statutes.

■ But I think the rule itself is in this case a warrant for the taking of the depositions to which objections were made, for the reason that they were taken within the period of 30 days allowed to defendant for that purpose by rule 47. As to the form of the notice and the lack of a specific and formal order in the record for their taking, I conclude that by fairly plain statutes and apposite decisions, these depositions were properly taken. Section 863, R. S.; Act Aug. 15, 1876, 19 Stat. 206; Act March 9, 1892, 27 Stat. 7; Compiled Stats. §§ 1472, 1475, and 1476 (28 USCA §§ 639, 642, 643); Ex parte Phenix Ins. Co., 118 U. S. 610, 7 S. Ct. 25, 30 L. Ed. 274; Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Whitford v. County of Clark, 119 U. S. 522, 7 S. Ct. 306, 30 L. Ed. 500; Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117; Hanks, etc., Association v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989.

■ As to the point (rather than the objection, because none was made) that the depositions were not taken at the office of the Phœnix Glass Company, at Rochester, Pa., but at the office of such company at Monaca, Pa.,

if it is urged, as I think the record shows it is not, it is enough to say that counsel for plaintiff appeared at the time and place at which the depositions were in fact taken, and participated therein by stipulating as to the manner of taking the depositions, and made objections as to almost every one of the questions asked, though counsel refused to cross-examine the witnesses. I conclude, if the point is still in the case, that such acts of plaintiff constitute a plain waiver of notice as to the place where the depositions were taken. It follows that the motion to suppress the depositions must be overruled.

■ Coming now to the merits: The action is bottomed upon the alleged infringement of a single claim of plaintiff's patent, which reads as follows:

"A lighting fixture, comprising an electric lighting unit, and a light reflecting and diffusing member surrounding said lighting unit and composed of a substantially bell-shaped translucent upper portion, whose lower end terminates below the horizontal plane in which the filament of the lighting unit lies, a translucent bottom portion arranged under the lighting unit, and a translucent band or belt portion of substantially concavo-convex shape in vertical cross section arranged between said upper and bottom portions and integrally connected to same."

I think the great weight of the practically uncontradicted evidence is that glass globes of similar shapes and contours to that used by plaintiff, and shown and described in its patent, were made and manufactured by the Phœnix Glass Company in 1915, and that such a globe was illustrated in the catalogue of the Gleason-Tiebout Glass Company in 1916. So I conclude that no invention lies in the fact that plaintiff uses in its lighting fixture a globe of the shape and contour described and illustrated in its patent.

The sole point remaining is whether the fact that plaintiff, using elements confessedly old in the prior art (save as to the globe above disposed of) in its combination patent, has shown novelty and increased usefulness, and better results in its lighting fixture, by the mere fact that in such globe, likewise old in the prior art, as said, it positions the filament of the lighting unit above the translucent concavo-convex band or belt portion. Clearly, this is all that is left in the case.

I cannot be brought to believe that in this art (whatever, in many other arts, the rule may be) invention can consist in the mere placing of the electric light bulb, and the filament therein, above the concavo-convex band

or belt, instead of opposite to it or below it. It is a fact, known in this age of electricity to all men, that light bulbs are of many sizes, shapes, and lengths. It is likewise a matter of everyday observation and experience that light bulbs are broken, or burn out, and are replaced by new ones of whatever size, shape, or length that is most available, and most quickly and easily obtained. An owner and user of the Phœnix Glass Company's globe, or of the Gleason-Tiebout Glass Company's globe, would not ordinarily, I take it, be an infringer; but if he should supply to his non-infringing globe a new and shorter light bulb to replace one which has burned out, he would instantly become a potential infringer, even though he might be saved from suit and damages by the rule in Pyle National Co. v. Oliver Electric Mfg. Co. (C. C. A.) 281 F. 632, though I may be permitted to doubt whether even the rule in the above case would save him. There have been instances, no doubt, wherein the mere positioning of an element in a combination patent has produced new results, or which has accomplished old results in a cheaper, more facile, useful, and effective way, and so constituted invention; but I am unable to appreciate wherein the above well-settled rule can apply to the device and situation in the case at bar.

Although the evidence does not show such fact, it is wholly obvious that users of the Phœnix Glass Company's globe and users of the Gleason-Tiebout Company's globe, in the dozen years of such use, have in a thousand cases used in such globes short light bulbs, and by positioning the filament unit above the concavo-convex belt or band exactly reproduced plaintiff's patented device. I am constrained, therefore, to the opinion that in a case like this no invention is involved in the mere matter of positioning the filament of the light unit above the concavo-convex belt mentioned in the patent.

However this may be, there is another question in the case, which I think is also decisive. This is, that the weight of the evidence does not disclose any new result, or any accomplishment of old results, in a more facile, cheaper, useful, and effective way. The experiments of Vaughn, the manner of the making whereof is conceded to be correct by plaintiff's witnesses, show less and not more efficiency, in positioning the filament unit as plaintiff's patent puts it. Moreover, defendant does not use a concavo-convex band or belt in its accused device. But, if it did, these bands or belts are old in the art. Many globes antedating plaintiff's patent illustrate such bands or belts.

I conclude that defendant has not infringed the patent of plaintiff. In view of this conclusion, no reason exists for passing on the question of the validity of plaintiff's patent more specifically than has been already done. I put the judgment upon the ground of noninfringement.

The finding will be for defendant, dismissing plaintiff's bill, with costs to defendant, and a decree may be presented accordingly.