## In re HYMAN.
## HYMAN v. KESSLER.
### No. 5690.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1931.

D. A. Sachs, Jr., of Louisville, Ky. (Walter S. Lapp, of Louisville, Ky., on the brief), for appellant.

Gilbert Burnett, of Louisville, Ky., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the District Court requiring petitioner to appear and be examined concerning the acts, conduct, and property of her husband, a bankrupt. The order was issued under section 21a of the Bankruptcy Act, as amended by Act Feb. 5, 1903, § 7, 11 USCA § 44 (a). The Congress passed an act in 1906 (28 USCA § 631) declaring "the competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held."

Section 606 of the Civil Code of Practice of Kentucky provides, with certain exceptions not here pertinent, that: "Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other."

It is the contention of petitioner that the act of 1906 modified section 21a of the Bankruptcy Act, as amended by the act of 1903, to the extent that it made the state law controlling, and as a wife cannot testify against her husband or concerning any communications had with him under the Kentucky law, it was not within the power of the bankruptcy court to order the petitioner to appear in court and testify in the present case. Counsel rely upon In re Kessler (D. C.) 225 F. 394. We cannot accept the decision in that case as sound. Prior to 1903, the Bankruptcy Act provided that a court might require any person, including the bankrupt, "who is a competent witness under the laws of the State in which the proceedings are pending," to appear in court to be examined concerning the acts, conduct, or property of the bankrupt. By the amendment of 1903 the words, "who is a competent witness under the laws of the State in which the proceedings are pending," were stricken from the act and there were substituted therefor the words "and his wife." At that time great diversity existed in the laws of the several states as to the competency of a husband or wife as a witness in a proceeding in which the other was interested, and in the interest of uniformity, as well as because in many cases the wife is the only witness who can shed any light upon the whereabouts of concealed assets, there was good reason for the enactment of the amendment. Thus the Congress specifically included the wife within the provisions of section 21a of the act as one compellable to appear and testify concerning any business of the bankrupt transacted by her or to which she had been a party. The later act of 1906 makes no reference whatever to the Bankruptcy Act. It is not, we think, to be construed as repealing the former act by implication. In re Cohn (D. C.) 39 F.(2d) 89. This is the view taken by the text-writers. Remington on Bankruptcy (1923), § 2022; Gilbert's Collier on Bankruptcy (1927), p. 464; Black on Bankruptcy (3d Ed. 1922) par. 263.

The order is affirmed.