## SUTHERLAND et al. v. UNITED STATES.
### No. 10050.

Circuit Court of Appeals, Eighth Circuit.
Nov. 21, 1934.

Elton L. Marshall, of Kansas City, Mo. (R. B. Hamer, of Omaha, Neb., and I. N. Watson, Henry N. Ess, and Paul Barnett, all of Kansas City, Mo., on the brief), for appellants.

Robert W. Strange, Supervising Counsel, National Recovery Administration, of Washington, D. C. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The United States brought this suit in equity against Robert W. Sutherland and Mae G. Sutherland, partners as Sutherland Lumber Company, and Sutherland Lumber Company, a copartnership, in the District Court of the United States for the District of Ne-

braska, to enjoin them from violating the National Industrial Recovery Act (48 Stat. 195) and certain codes of fair competition promulgated thereunder. The bill of complaint alleged that the "defendants, Robert W. Sutherland and Mae G. Sutherland, trading as the Sutherland Lumber Company, are now, and have been before and since the said June 16, 1933, doing business in the District of Nebraska with their place of business situated at 2920 West 'L' Street, Omaha, Nebraska, located in the Omaha Division of the said District of Nebraska, and defendant Sutherland Lumber Company is a co-partnership composed of the said Robert W. Sutherland and Mae G. Sutherland, doing business as aforesaid." Upon the filing of the complaint, the court granted a restraining order, and service of the order and subpœna was made upon the manager of the retail lumber yard operated by the partnership in Omaha. The Sutherlands were husband and wife and their residence was in Kansas City, Mo. Neither of them was a resident, citizen, or inhabitant of the district of Nebraska. Thereafter the defendants appeared specially and moved to set aside the service of the subpœna on the ground that such service was insufficient under Equity Rule 13 (28 USCA § 723), which requires that "the service of all subpœnas shall be by delivering a copy thereof to the defendant personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of each defendant, with some adult person who is a member of or resident in the family"; and that by virtue of section 112, title 28, U. S. C. (28 USCA § 112), the suit was not maintainable in the district of Nebraska because none of the defendants was an inhabitant of that district.

The motion was granted as to the individual defendants, but overruled as to the partnership upon the ground that it was a separate legal entity domiciled in Nebraska which had been properly served with process. In so holding, the court relied upon Nebraska Compiled Statutes, 1929, §§ 20-313 and 20-314, which, in substance, provide that a partnership may sue and be sued in the usual name by which it is known; that it shall not be necessary to set out in the process or pleadings or to prove at the trial the names of the members of the firm; that process against such firm may be served by leaving a copy at the usual place of business with a member of the firm or with a clerk or general agent thereof; and that executions issued upon any judgments rendered in such proceedings shall be levied upon partnership property only.

The defendants entered no general appearance in the court below, and the court granted a preliminary injunction against the partnership. From the interlocutory decree, this appeal is taken.

The first question to be determined is whether this suit could be maintained in the district of Nebraska against the partnership.

For the purpose of this opinion, we shall assume, without deciding, that the partnership was, under the laws of Nebraska, a separate legal entity, with a domicile in the district; that it was properly served with subpœna; and that the National Industrial Recovery Act (48 Stat. 195) requires that it be treated as a person for the purposes of federal jurisdiction.

"Section 51 of the Judicial Code (section 112, title 28, U. S. C. [28 USCA § 112]), which deals with the venue of suits originally begun in the District Courts—re-enacting in part a similar provision in the Judiciary Act of 1888 (25 Stat. 433, 434, c. 866) provides, subject to certain exceptions not material here, that 'no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' That is to say, the suit must be brought within the district of which the defendant is an inhabitant, unless the general federal jurisdiction is founded upon diversity of citizenship alone, in which case it must be brought either in that district or in the district in which the plaintiff resides.

"While this provision does not limit the general jurisdiction of the District Courts, it confers a personal privilege on the defendant, which he may assert, or may waive, at his election, if sued in some other district. Lee v. Chesapeake Railway, 260 U. S. 653, 655, 43 S. Ct. 230, 67 L. Ed. 443, and cases cited. If this privilege is seasonably asserted, the suit must be dismissed for want of jurisdiction over the person of the defendant. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 510, 30 S. Ct. 184, 54 L. Ed. 300, and cases cited." Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U. S. 363, 365, 46 S. Ct. 247, 70 L. Ed. 633.

The defendants "seasonably asserted" their privilege in this suit by special appearance, and have not waived it. Harkness v.

Hyde, 98 U. S. 476, 479, 25 L. Ed. 237; Southern Pac. Co. v. Denton, 146 U. S. 202, 206, 13 S. Ct. 44, 36 L. Ed. 942. Hence, unless the partnership can be said to have been an inhabitant of Nebraska within the meaning of the federal venue statute, the court should have dismissed this suit for want of jurisdiction.

■ The jurisdiction of the District Courts of the United States depends upon the acts of Congress passed pursuant to the power conferred upon it by the Constitution of the United States, and cannot be restricted or enlarged by state statutes. Goldey v. Morning News, 156 U. S. 518, 523, 15 S. Ct. 559, 39 L. Ed. 517; Toland v. Sprague, 12 Pet. 300, 328, 9 L. Ed. 1093; Phelps v. Oaks, 117 U. S. 236, 239, 6 S. Ct. 714, 29 L. Ed. 888; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 47, 36 L. Ed. 942, supra.

"And whenever Congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter. Ex parte Fisk, 113 U. S. 713, 721, 5 S. Ct. 724 [28 L. Ed. 1117]; Whitford v. Clark County, 119 U. S. 522, 7 S. Ct. 306 [30 L. Ed. 500].

"The acts of congress, prescribing in what districts suits between citizens or corporations of different states shall be brought, manifest the intention of congress that such suits shall be brought and tried in such a district only, and that no person or corporation shall be compelled to answer to such a suit in any other district. Congress cannot have intended that it should be within the power of a state by its statutes to prevent a defendant, sued in a circuit court of the United States in a district in which congress has said that he shall not be compelled to answer, from obtaining a determination of that matter by that court in the first instance, and by this court on writ of error." Southern Pacific Co. v. Denton, 146 U. S. 202, 209, 13 S. Ct. 44, 47, 36 L. Ed. 942, supra.

■ Moreover, the Conformity Act, section 724, title 28, U. S. C. (28 USCA § 724), has no application to suits in equity in the courts of the United States. Dravo v. Fabel, 132 U. S. 487, 490, 10 S. Ct. 170, 33 L. Ed. 421.

■ That this partnership was not a citizen of Nebraska within the meaning of the statutes regulating the jurisdiction of the federal courts is clear.

"A partnership has, as such, no citizenship for the purpose of federal jurisdiction, and such jurisdiction in actions by or against partnerships is governed by the citizenship of the individual partners, who are not presumed to be citizens of the state in which the partnership is domiciled." 25 C. J. 759, § 69.

"The rule that for purposes of jurisdiction and within the meaning of the clause of the Constitution extending the judicial powers of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, has been so long recognized and applied that it is not now to be questioned. No such rule, however, has been applied to partnership associations although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a circuit court of the United States as resting on the diverse citizenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association." Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 449, 456, 20 S. Ct. 690, 693, 44 L. Ed. 842. See, also, Chapman v. Barney, 129 U. S. 677, 682, 9 S. Ct. 426, 32 L. Ed. 800; Carnegie, Phipps & Co. v. Hulbert (C. C. A. 8) 53 F. 10; Thomas v. Board of Trustees, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160; Levering & Garrigues Co. v. Morrin (C. C. A. 2) 61 F. (2d) 115, 117; Puerto Rico v. Russell & Co., 288 U. S. 476, 479, 480, 53 S. Ct. 447, 77 L. Ed. 903.

But the contention of the government is that the authorities which hold that the citizenship of a firm is to be determined by the citizenship of the partners are not applicable to a case such as this, where jurisdiction is based on other grounds, and that, although the partnership is a citizen of Missouri, it can still be an inhabitant of Nebraska and in fact an inhabitant of every state in which it has a place of business and by the laws of which it is recognized to be a distinct legal entity. The same suggestion has in the past been advanced with respect to corporations.

In Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales, 151 U. S. 496, 506, 14 S. Ct. 401, 404, 38 L. Ed. 248, the Supreme Court said:

"There are doubtless reasons of convenience for saying that a corporation should be considered an inhabitant of every district in which it does business, and so the statutes of the several states generally provide; but the law contemplates that every person or corporation shall have but one domicile, and in the case of the latter it shall be in that state by

whose laws it was created, and in that district where its general offices are located."

And in Re Keasbey & Mattison Co., 160 U. S. 221, 229, 16 S. Ct. 273, 275, 40 L. Ed. 402, speaking of the effect of the venue statute upon corporations in cases where jurisdiction is not based upon diversity of citizenship, the court said:

"And it is established, by the decisions of this court, that, within the meaning of this act, a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated; and, consequently, that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a circuit court of the United States held in another state, even if the corporation has a usual place of business in that state. McCormick Co. v. Walthers, 134 U. S. 41, 43, 10 S. Ct. 485 [33 L. Ed. 833]; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S. Ct. 935 [36 L. Ed. 768]; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44 [36 L. Ed. 942]. *Those cases, it is true, were of the class in which the jurisdiction is founded only upon the fact that the parties are citizens or corporations of different states. But the reasoning on which they proceeded is equally applicable to the other class, mentioned in the same section, of suits arising 'under the constitution, laws, or treaties of the United States* [italics ours]; and the only difference is that, by the very terms of the statute, a suit of this class is to be brought in the district of which the defendant is an inhabitant, and cannot, without the consent of the defendant, be brought in any other district, even in one of which the plaintiff is an inhabitant."

See, also, Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U. S. 501, 509, 30 S. Ct. 184, 54 L. Ed. 300. In Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768, the reasoning in which was said, in the case of In re Keasbey & Mattison Co., 160 U. S. 221, 16 S. Ct. 273, 40 L. Ed. 402, supra, to be applicable to suits in which corporations were involved, although jurisdiction was not based upon diversity of citizenship, the court, after pointing out that the general object of the statute was to contract and not to enlarge the jurisdiction of the Circuit Courts of the United States, said (page 449 of 145 U. S., 12 S. Ct. 935, 937):

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a circuit court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen; and that this act, therefore, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

The citizenship of a corporation is based upon a conclusive presumption that the stockholders are citizens of the state of corporate domicile. Marshall v. Baltimore & Ohio R. Co., 16 How. 314, 328, 14 L. Ed. 953; Covington Draw Bridge Co. v. Shepherd, 20 How. 227, 233, 15 L. Ed. 896; St. Louis & San Francisco R. Co. v. James, 161 U. S. 545, 554, 16 S. Ct. 621, 40 L. Ed. 802; Puerto Rico v. Russell & Co., 288 U. S. 476, 479, 53 S. Ct. 447, 77 L. Ed. 903, supra. Mr. Justice Stone, in the case last referred to, says (pages 479, 480 of 288 U. S., 53 S. Ct. 447, 448):

"In its final form this rule of jurisdiction was stated in terms of a 'conclusive presumption' that the stockholders are citizens of the state of the corporate domicile, see Marshall v. Baltimore & Ohio R. Co., supra, 16 How. 328, 14 L. Ed. 953; Covington Draw Bridge Co. v. Shepherd, supra, 20 How. 233, 15 L. Ed. 896; St. Louis & San Francisco R. Co. v. James, supra, 161 U. S. 554, 16 S. Ct. 621, 40 L. Ed. 802; but even those who formulated the rule found its theoretical justification only in the complete legal personality with which corporations are endowed. Fictitious that personality may be, in the sense that the fact that the corporation is composed of a plurality of individuals, themselves legal persons, is disregarded, but 'it is a fiction created by law with intent that it should be acted on as if true.' Klein v. Board of Supervisors, 282 U. S. 19, 24, 51 S. Ct. 15, 16, 75 L. Ed. 140, 73 A. L. R. 679. This treatment of the aggregate for other purposes as a person distinct from its members, with capacity to perform all legal acts, made it possible and convenient to treat it so for purposes of federal jurisdiction as well. But status as a unit for purposes of suit alone, as in the case of a joint-stock company, see Chapman v. Barney, 129 U. S. 677, 682, 9 S. Ct. 426, 32 L. Ed. 800; Lever-

ing & Garrigues Co. v. Morrin (C. C. A.) 61 F.(2d) 115, 117, or a limited partnership, not shown to have the other attributes of a corporation, Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 449, 20 S. Ct. 690, 44 L. Ed. 842; compare Thomas v. Board of Trustees, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160, has been deemed a legal personality too incomplete; what was but an association of individuals for so many ends and a juridical entity for only a few was not easily to be treated as if it were a single citizen.

"The tradition of the common law is to treat as legal persons only incorporated groups and to assimilate all others to partnerships."

While in Puerto Rico v. Russell & Co., 288 U. S. 476, 53 S. Ct. 447, 77 L. Ed. 903, supra, the Supreme Court held a "sociedad en comandita," organized under the laws of Puerto Rico, to be a juridical person which would be recognized as such by the federal courts, and while in United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762, it was held that the United Mine Workers of America, an unincorporated labor union, would be treated as an entity for the purpose of suit, there is no case which we have found which indicates to our minds that, for purposes of federal jurisdiction, a partnership composed of individuals residing in one district may be treated as the inhabitant of another district in which the partnership has a place of business, even though, under state laws and state practice, suit might be brought against it in the firm name in the latter district.

Our deductions from the authorities which we have referred to, and others which we have examined, are that, in the case of a person, either natural or artificial, where federal jurisdiction is not based upon diversity of citizenship and does not fall within other exceptions contained in the venue statute, a suit is maintainable without consent of the defendant in only one district, and that district is the one of which he or it is an inhabitant. Since a corporation, as a juridical person, is an inhabitant of the state of which it is a citizen, we think a partnership is likewise to be regarded as an inhabitant of the state of which it is a citizen, namely, the state of which the partners are citizens.

Our conclusion is that this partnership, for the purpose of this suit, must be regarded as a citizen of Missouri and an inhabitant of the Western district of Missouri, wherein the partners reside.

The decree appealed from is reversed, and the case remanded with directions to dismiss the suit for want of jurisdiction over the persons of the defendants.