928

## CHALMERS v. SHEINMAN et al.
### No. 5680.

Circuit Court of Appeals, Third Circuit.
March 5, 1936.

Edmund J. Bodziak, J. Howard Reber, and James McMullan, all of Philadelphia, Pa., for appellant.

Hirsh W. Stalberg and Philip F. Newman, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

In the course of an examination before the referee in bankruptcy, the bankrupt was called as a witness and was questioned as to the source of funds which his wife paid to a certain corporation. Later, she was interrogated concerning some of her business transactions in which her husband was interested. Section 5 (c) of the Act of May 23, 1887, P.L. 158 (28 P.S. § 317), of Pennsylvania provides that a husband and wife shall not be "competent or permitted to testify against each other." The referee ruled that this act was binding upon him. The District Court sustained the ruling of the referee on the authority of In re Kessler, 225 F. 394. The trustee appealed.

The appellant contends that under section 21a of the Bankruptcy Act, as amended by the Act of 1903 (11 U.S.C.A. § 44 (a), the bankrupt and his wife may be required to testify concerning matters within the limitations of its provisions. The section as amended reads as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the provisions of this Act [title]. The wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

There is a conflict here between the rule of the state and the United States when testimony under section 21a of the Bankruptcy Act is involved. The rule in the state prevails under the Conformity Act (28 U.S.C.A. § 724) until Congress prescribes a different rule, and when it does, that rule must be followed in courts of the United States. Ex parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117; Whitford v. County of Clark, 119 U.S. 522, 7 S.Ct. 306, 30 L.Ed. 500.

But Congress, on June 29, 1906 (28 U.S.C.A. § 631), passed the following act:

"The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held."

Appellees say this act is contrary to the act of 1903 and, being later, controls. The act of 1906 does not expressly

repeal the act of 1903 and the question is whether or not it does so by implication. It is a general rule of statutory construction that a later statute, general in its terms, does not repeal special provisions of an earlier statute, unless a repeal is expressly mentioned, or unless the provisions of the general are manifestly inconsistent with those of the special. Rodgers v. United States, 185 U.S. 83, 84, 22 S.Ct. 582, 46 L.Ed. 816; Baltimore National Bank v. State Tax Commission of Maryland, 56 S.Ct. 417, 80 L.Ed. ——, decided February 3, 1936. The act of 1906 does not mention the act of 1903; nor are the provisions of the later act inconsistent with those of the earlier act. Consequently, the earlier act still stands and controls the case at bar. American Issue Publishing Co. v. Sloan, 248 F. 251 (C.C.A.6); In re Hyman, 48 F.(2d) 814 (C.C.A.6).

It follows that the wife of the bankrupt may be examined and must answer proper questions touching the business transacted by her or to which she was a party in order to determine the fact of whether or or not she has transacted, or been a party to, any business of her husband, the bankrupt.

The decree is reversed and the case remanded to the District Court for further proceedings not inconsistent with this opinion.