**CLARK COUNTY, NEVADA v. CITY OF LOS ANGELES, CALIFORNIA, et al. (STATE OF NEVADA, Intervener).**

No. 769.

United States District Court, D. Nevada.

Aug. 4, 1950.

L. O. Hawkins, Robert E. Jones, District Attorney for Clark County, Las Vegas, Nevada, for plaintiff.

Ray L. Chesebro, City Attorney; Gilmore Tillman, Chief Assistant City Attorney for Water and Power; John H. Mathews, Deputy City Attorney; all of Los Angeles, Cal., for defendants.

Alan Bible, Attorney General, State of Nevada; Robert L. McDonald, Deputy Attorney General; for intervener.

FOLEY, District Judge.

The County of Clark, a political subdivision of the State of Nevada, through its Board of County Commissioners, enacted an ordinance requiring all persons, firms or corporations desiring to engage in the business or activity of generating electric power, to first obtain from the Board of County Commissioners of Clark County, Nevada, a permit so to do and by said ordinance fixed license fees and provided penalties for noncompliance.

This action is brought pursuant to said ordinance and amendments thereto by said County against defendants City of Los An-geles, California, and the Department of Water and Power of the City of Los Angeles for the purpose of collecting from said defendants the sum of $225,435.00 alleged to be due under said ordinance and amendments thereto for the production of power from May 1, 1948, to December 31, 1948. It is alleged that from May 1, 1948, to the date of the filing of the Complaint, March 30, 1949, said defendants have been engaged in the business of generating, manufacturing and producing electric power in the County of Clark, State of Nevada, and have, during the period May 1, 1948, to December 31, 1948, generated, manufactured and produced a total of 2,254,350,000 kilowatt hours; and it is alleged that said defendants intend to, and will continue to generate, manufacture and produce electric power within the said County of Clark and outside the limits of any incorporated city or town therein.

City of Los Angeles is, and at all of the times mentioned in said Complaint was, a municipal corporation incorporated, existing and operating under and by virtue of, and in accordance with the Constitution and Laws of the State of California, and a freeholders' charter adopted in accordance therewith; that defendant Department of Water and Power of the City of Los Angeles is, and at all times mentioned in the Complaint was, a department of the City of Los Angeles created and existing under and by virtue of said freeholders' charter of the City of Los Angeles.

In their First and Fourth Affirmative Defenses set forth in the Answer and Supplemental Answer, defendants set forth the manner in which service of summons was made or attempted to be made upon said defendants. The acts relied upon as service are as follows: On the 18th day of April, 1949, the United States Marshal for the District of Nevada delivered a copy of the summons herein, together with a copy of plaintiff's Complaint, to the Deputy and then Acting Secretary of the State of Nevada at Carson City, Nevada; that on the 22nd day of April, 1949, a copy of the summons herein and a certified copy of the Complaint were delivered by United States mail at the office of Honorable Fletcher

Bowron, Mayor of the City of Los Angeles; and that on the 8th day of September, 1949, a copy of alias summons and a certified copy of plaintiff's Complaint were delivered by the United States Marshal for the District of Nevada to F. A. Latham, who at said time was employed by the defendants as Division Superintendent of defendants' operation at Boulder Dam Power Plant; that except as above set forth, no other attempts at service of process have been made on defendants or upon either of them.

This Court has jurisdiction of the subject matter of this action based upon diverse citizenship. The issue of whether this Court has acquired jurisdiction of defendant City of Los Angeles and of defendant Department of Water and Power of the City of Los Angeles is raised by the First and Fourth Affirmative Defenses in the Answer and Supplemental Answer of defendants. The matter has been presented to the Court by counsel for plaintiff and defendants on the theory that these questions are now properly before the Court. The Defenses, lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process may be heard and determined before trial. Rule 12(d), Federal Rules of Civil Procedure, 28 U.S.C.A.

With the acquiescence of the parties, the Court decided to hear and determine the Defenses contained in the Answer as to the sufficiency of the service before trial and consideration of other defenses.

Plaintiff contends and defendants agree that the attempted service as set forth in the First Affirmative Defense in the Answer complies with the laws of the State of Nevada with reference to the service of process upon municipal corporations created under laws of states other than Nevada. Service of summons herein on each of said defendants was attempted to be made pursuant to provisions of §§ 8580 and 8581, N. C.L. Sec. 8580 in part reads as follows: "Every incorporated company or association and every municipal corporation created and existing under the laws of any other state, or territory, or foreign government, or the government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent, * * * upon whom all legal process may be served for such corporation or association or municipal corporation. * * *"

And said § 8581 is as follows: "If any such company, association, or municipal corporation shall fail to appoint such agent * * * on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to be made a part of the return of service, it shall be lawful to serve such company, association, or municipal corporation with any and all legal process by delivering a copy to the secretary of state, * * *."

The service described in the Fourth Affirmative Defense set forth in the Answer could be considered only if the law permitted a municipal corporation of another state to be served in the manner prescribed by Rule 4(d)(3), Federal Rules of Civil Procedure.

It will be noted from the return of the Marshal that the service mentioned in the Fourth Affirmative Defense was attempted to be made upon said defendants by delivery of summons and Complaint to A. J. Latham, Managing Agent.

Jurisdiction of the person of a defendant in the federal court may be obtained only by compliance with Rule 4(d), Federal Rules of Civil Procedure. The provisions of Rule 4(d) which we have to consider here are as follows:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

"(2) Upon an infant or an incompetent person, by serving the summons and complaint in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

"(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

If it was intended by the rule-making power to authorize service of summons upon a state or municipal corporation, or other governmental organization, in a manner prescribed by the law of the state in which the action is brought, Rule 4(d)(6) would, no doubt, have been included and mentioned in Paragraph (7). The words "that state" in Rule 4(d)(6) obviously refer to a state made a defendant in an action or to the state under the laws of which a municipal corporation defendant was chartered or brought into existence. Under the Federal Rules of Civil Procedure as they now stand, a United States District Court may not obtain jurisdiction of a municipal corporation formed and existing under the laws of a foreign state.

Plaintiff argues that the construction of Rule 4(d)(6) advocated by the defendants would nullify Rule 82 in that it would have the effect of limiting the jurisdiction of this Court and deprive it of its venue in this action. Discussing a like contention, Mr. Chief Justice Stone, in Mississippi Pub. Corporation v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 244, 90 L.Ed. 185, stated: "Since there was jurisdiction of the present suit on the sole ground of diversity of citizenship and since the suit was brought in the district of the plaintiff's residence, as found by both courts below, there was, by § 51 of the Judicial Code, no want of venue and the court was not warranted in dismissing the suit if the service of summons was effective to make the defendant a party."

Such is the situation here, and the Justice, further in the opinion points out: "* * * the Advisory Committee * * * has treated Rule 82 as referring to venue and jurisdiction of the subject matter of the district courts as defined by the statutes, §§ 51 and 52 of the Judicial Code, 28 U.S.C.A. §§ 112, 113, in particular, rather than the means of bringing the defendant before the court already having venue and jurisdiction of the subject matter."

"Whenever congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter." Southern Pac. Co. v. Denton, 146 U. S. 202, 13 S.Ct. 44, 47, 36 L.Ed. 942; Ex

parte Fisk, 113 U.S. 713, 721, 5 S.Ct. 724, 28 L.Ed. 1117; Whitford v. County of Clark, 119 U.S. 522, 7 S.Ct. 306, 30 L.Ed. 500.

Congress by the Act of June 19, 1934, T. 28 U.S.C.A. § 723b, now § 2072, has so legislated when it authorized the Supreme Court to prescribe "by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law." The rules prescribed by the Supreme Court pursuant to such authority are as to matters of practice "exclusive of the legislation of the state upon the same matter."

In Gillson v. Vendome Petroleum Corporation, D.C.E.D. La., 35 F.Supp. 815, 818, it is stated by Judge Caillouet that "Clearly, since the Federal Rules of Civil Procedure have established an independent practice and procedure in the Federal Courts, no state law affecting practice and procedure can be given effect in said courts unless and until it be found that said rules, themselves, specifically authorize this, by way of exception." And no exception applicable to the situation we have here appears in the Rules.

In Moore's Federal Practice under the New Federal Rules, Vol. 1, p. 210, we find the statement: "The Federal Rules of course establish an independent practice and procedure for all actions in the federal courts heretofore denominated legal and equitable, and therefore no state statute affecting practice and procedure will have effect in the federal courts, except in so far as the Rules themselves specifically adopt state statutory law." As an example of such adoption of state statutory law the authors refer to Rules 4(d)(2)(7).

▇▇▇▇ In the federal courts service of summons may be made in no manner other than that set forth in the Federal Rules of Civil Procedure and in such Rules we find no provision whereby a municipal corporation may be brought within the jurisdiction of a federal court sitting in a state other than the state of which the municipal corporation is a creature. If the omission was intentional, the facts and circumstances disclosed by the pleadings here raise a question as to the wisdom of such omission.

From the foregoing, the Court is compelled to rule and

It is ordered that this action be dismissed, without prejudice, as to each of said defendants, City of Los Angeles, California, a municipal corporation of the State of California, and the Department of Water and Power of the City of Los Angeles, for want of jurisdiction and invalidity of the service of process.